UNITED STATES

v.

**Private (E-2) Marcos MARTINEZ, 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, US Army, Company B, 2d Battalion, 7th Cavalry, 1st Cavalry Division, Fort Hood, Texas.**

**SPCM 11580.**

U. S. Army Court of Military Review.

Sentence Adjudged 28 July 1975.
Decided 24 March 1976.

Appellate counsel for the Accused: CPT Leslie Wm. Adams, JAGC; CPT John C. Carr, JAGC; LTC James Kucera, JAGC.

Appellate counsel for the United States: CPT Laurence M. Huffman, JAGC; CPT Gary F. Thorne, JAGC; MAJ John T. Sherwood, Jr., JAGC; LTC Donald W. Hansen, JAGC.

## OPINION OF THE COURT

MITCHELL, Senior Judge:

Appellant, contrary to his pleas, was convicted of assaulting his superior non-commissioned officer with a knife and aggravated assault with a knife upon a soldier in violation of Article 128, Uniform Code of Military Justice, 10 U.S.C. § 928. The convening authority approved the adjudged sentence as set forth above.

Both at trial and upon appeal counsel for the appellant vigorously asserted that the court-martial lacked jurisdiction over the person of the accused because he was illegally enlisted.

The operative facts are relatively uncomplicated. The record discloses that the appellant, at the time of his enlistment, was seventeen years of age and had just recently been released on probation from a California juvenile correctional facility where he had spent fourteen months for drug-related offenses. He had served only twenty-one days of the one year probation period when he was faced with a threatened revocation for violation of its conditions. He was advised by his probation officer to either join the Army or risk additional juvenile court proceedings. Arrangements were made by the officer for him to meet with the Army recruiter whom he had previously met at the correctional facility. Because of his age, recruiting regulations required appellant's parental consent before he could be lawfully enlisted.[1] This consent was not obtained. A CID investigation found that the parents' signatures had been forged and the juvenile record concealed. The recruiter apparently knowingly participated in the enlistment under these circumstances.

---

1.  Chapter 4, Paragraph 4–5 (*7), Army Regulation 601–210.

The Government's efforts at trial were directed at establishing a constructive enlistment. The trial judge agreed and denied the defense motion to dismiss the charges for want of jurisdiction. We hold that ruling to be erroneous.

The appellant's alternative constituted an insurmountable element of coercion.[2] It was either join the Army or face revocation of his parole; scarcely more than a Hobson's choice.[3] Additionally, where a Government agent participates in effecting the involuntary enlistment, the enlistment is void from its inception as a matter of public policy.[4]

America's stake in its armed forces is of the highest order. Vital public interest makes for public policy. That policy, by necessity, requires that those charged with the responsibility of filling the ranks of our military services do so in strict compliance with established rules and regulations, including their own.[5] Facts are stubborn things. They habitually expose and reject manipulation and subversion. One of the most frequent and ironic consequences of recruiter malfeasance is that subsequent violators of the Uniform Code of Military Justice, as the appellant in the case at bar, are *ab initio* immune from military prosecution. In reality they serve their commitment and obey their military superiors at their own sufferance. Their own complicity in the fraudulent recruitment does not affect the nullity of the contract. Receipt of pay and other emoluments of service, such as medical attention and mess privileges do not serve to negate the appellant's immunity.

The record is clear that the Army discovered the fraud while the appellant was still undergoing basic training but no affirmative steps were taken to effect an administrative discharge prior to the commission, one year later, of the charged offenses. This neglect shared by three successive commands must be condemned. Had the Army acted with promptness, the appellant would have been out of the service long before the commission of the offenses for which he stands convicted. Even later had the elimination action recommended by the Chapter Fourteen Board[6] been acted upon by the convening authority, the necessity for the instant court-martial and appeal would have been obviated. We are reminded of the sage advice offered nearly a century ago: "Better to put a strong fence 'round the top of the cliff," "Than an ambulance down in the valley."[7]

We commend government appellate counsels' candid concession that although they feel the evidence mitigates against a conclusion of involuntary enlistment under the *Catlow* or *McNeal, supra,* n. 2, "jail or Army" facts since appellant was on probation, and not actually facing charges or incarcerated pending charges, the unrebutted evidence of recruiter misconduct amounted to a violation of the fraudulent enlistment statute, Article 84, Uniform Code of Military Justice, 10 U.S.C. § 884. To their personal and professional credit, government counsel go further and join with defense appellate counsel in recommending that the findings and sentence be set aside. This is a most noble and salutary gesture. To us the law knows no finer hour than when its contesting advocates cut through formal concepts of unbending adversary single-action and join forces for the mutual advancement of evenhanded justice and efficiency.

We hold that from the facts of record, the appellant's enlistment was void and the court below lacked jurisdiction to try him.

2. *United States v. Catlow,* 23 U.S.C.M.A. 142, 48 C.M.R. 758 (1974); *United States v. McNeal,* 49 C.M.R. 668 (A.C.M.R.1974).

3. [After Thomas Hobson (d. 1631) of Cambridge, England, who owned livery stables and let horses in strict order according to their position near the door.] A choice of taking what is offered or nothing at all.

4. *United States v. Russo,* 23 U.S.C.M.A. 511, 50 C.M.R. 650, 1 M.J. 134 (1975).

5. *United States v. Brown,* 23 U.S.C.M.A. 162, 48 C.M.R. 778 (1974).

6. Chapter 14, Army Regulation 635–200.

7. Joseph Malins *(The Reciter),* 1895.

Accordingly, the findings of guilty and the sentence are set aside and the charges are dismissed.

Acting Chief Judge CARNE and Judge MOUNTS concur.